# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| **CASEY CARTER, # K1348** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 3:12cv666-CWR-FKB** |
| **LEE WESTBROOK, WALTER E. WOODS, JUDGE SAMAC RICHARDSON, SUSAN MCCARTY, JUDGE CINDY B. ALFORD, and MADISON COUNTY CIRCUIT COURT** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT is *pro se* Plaintiff Casey Carter's Complaint [1]. He is incarcerated with the Mississippi Department of Corrections and brings this action challenging his arrest, conviction, and sentence for forcible rape. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## BACKGROUND

Carter filed this action on September 24, 2012. He challenges his conviction for forcible rape, to which he pled guilty. He accuses Defendants Judge Cindy B. Alford and Justice Court Clerk Susan McCarty of producing a defective arrest warrant, because there was an eleven day delay between the day the crime was committed and the day the warrant was issued. He contends that the indictment was also defective because it originally cited the statutory rape statute but was amended to cite to the forcible rape statute. Carter also alleges that his rights to a speedy trial and effective assistance of counsel were violated. He further argues his plea was involuntary because his attorney Defendant Walter E. Woods allegedly told "me a lie to plead guilty an[d] I will receive a lesser sentence and not 20 year's like he said." (Compl. at 4). Carter blames Defendants Madison County

Circuit Court Clerk Lee Westbrook, Judge Samac Richardson, and Woods for the indictment and lack of speedy trial. Carter seeks both release from custody and damages.

This is not the first time Carter has brought suit complaining of his arrest, conviction, and sentence. He first brought two habeas actions concerning his rape conviction. *Carter v. Madison County Circuit Court*, No. 3:12cv291-CWR-FKB (S.D. Miss. Apr. 27, 2012); *Carter v. Brewer*, No. 3:08cv631-HTW-LRA (S.D. Miss. Nov. 30, 2009). He then brought a mixed habeas and 42 U.S.C. § 1983 complaint, filed July 3, 2012, in *Carter v. Madison County Circuit Court*, cause number 3:12cv459-WHB-LRA ("*Madison County II*"). That case was brought against Defendants Westbrook, Woods, Judge Richardson, and Madison County Circuit Court. The Section 1983 claims were originally dismissed on August 13. Carter simultaneously filed the instant case and two motions to reconsider in *Madison County II*. The motions were denied on October 3. The habeas claims were severed on July 10, 2012, opened in *Carter v. Madison County Circuit Court*, cause number 3:12cv477-TSL-MTP ("*Madison County III*"), and transferred to the Fifth Circuit Court of Appeals on July 23. The Fifth Circuit denied him permission to proceed on the successive writ on October 12.

**DISCUSSION**

Carter once again challenges his arrest, conviction, and sentence for rape under Section 1983 and 28 U.S.C. § 2254. He attacks the arrest warrant and indictment and alleges a speedy trial violation, ineffective assistance of counsel, and involuntary plea.

S<small>ECTION</small> 1983

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court

2

determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Carter to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

## I. ARREST WARRANT AND INDICTMENT

The identical indictment claims against Westbrook, Woods, Richardson, and the State court were pending in *Madison County II* at the time this case was filed. Carter likewise complained about Judge Alford and McCarty's handling of the arrest warrant in that case, even though he did not name them as Defendants. Their conduct served as the basis for liability against the State court.

It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Since the arrest and indictment claims were pending when the present action was filed, they are dismissed as malicious. They are dismissed without prejudice as to the prior pending lawsuit of *Madison County II* and are dismissed with prejudice in all other respects. *Id.* These dismissals count as a

3

strike under 28 U.S.C. § 1915(g).

II.    S<small>PEEDY</small> T<small>RIAL</small>, I<small>NEFFECTIVE</small> A<small>SSISTANCE OF</small> C<small>OUNSEL, AND</small> I<small>NVOLUNTARY</small> P<small>LEA</small>

As for the Section 1983 speedy trial, ineffective assistance of counsel, and involuntary plea claims, they were not pending in the prior Section 1983 case. Therefore, the Court examines these claims.

Carter uses all three claims to attack his current conviction. He maintains Judge Richardson should have *sua sponte* dismissed the case on speedy trial grounds. Carter also contends Woods should have moved to quash the indictment based on its alleged defect and speedy trial. Finally Woods allegedly misled Carter into pleading guilty.

A Section 1983 claim that challenges the fact or duration of a State conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the Section 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Success on these three claims would necessarily invalidate his State court conviction for rape. *Krause v. Leonard*, 352 F. App'x 933, 935 (5th Cir. Nov. 5, 2009) (speedy trial); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (ineffective assistance of counsel). These claims could only proceed if he proves the conviction has already been invalidated. He admits it still stands, as

4

this case is a mixed habeas petition. Further, a prior habeas action, attacking his rape conviction was pending at the time this case was filed. The Fifth Circuit denied relief. Therefore, it is clear that he has not yet been granted habeas relief in this matter.

Because the conviction has not yet been invalidated, Carter is precluded by *Heck* from challenging it in this Section 1983 civil action. The speedy trial, ineffective assistance, and involuntary plea claims are dismissed with prejudice for failure to state a claim, until such time as he successfully has the State court conviction invalidated, via appeal, post conviction relief, habeas, or otherwise. *Id.* These dismissals count as a strike under Section 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

HABEAS

What remains are the instant habeas claims. All of them are duplicative to a prior filed Section 2254 case, *Madison County III*. It was pending before the Fifth Circuit at the time this case was filed. The Fifth Circuit eventually denied Carter leave to file the successive writ and warned him "that any further attempts to attack his conviction that do not meet the criteria set forth in § 2244 for filing a successive § 2254 application" may subject him to sanctions. *In re: Carter*, No. 12-60582 (5th Cir. Oct. 12, 2012). Therefore, the habeas claims in the instant case are dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED**. The Section 1983 arrest and indictment claims are malicious and are dismissed **WITHOUT PREJUDICE** as to the prior pending lawsuit of *Carter v. Madison County Circuit Court*, civil action number 3:12cv459-WHB-LRA, and are dismissed **WITH PREJUDICE** in all other respects. The Section 1983 speedy trial, ineffective assistance, and

5

involuntary plea claims are dismissed **WITH PREJUDICE** for failure to state a claim, until such time as *pro se* Plaintiff Casey Carter successfully has the State court conviction invalidated, via appeal, post conviction relief, habeas, or otherwise. Dismissal of the Section 1983 claims count as a strike under Section 1915(g). The habeas claims are dismissed **WITH PREJUDICE** as duplicative. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 6th day of May, 2013.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE